**FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for American Bank of Casper, Casper, Wyoming, Appellant (Defendant),**

v.

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, Appellee (Plaintiff).**

No. 88–210.

Supreme Court of Wyoming.

Dec. 15, 1988.

Thomas M. Hogan, Casper, for appellant.

Barry G. Williams and Stuart R. Day of Williams, Porter, Day & Neville, P.C., Casper, for appellee.

Before CARDINE, C.J., THOMAS, URBIGKIT and MACY, JJ., and ROONEY, Retired J.

ROONEY, Retired Justice.

This is an appeal from that portion of a summary judgment awarding appellee liquidated damages for breach of a lease between appellee's predecessor in interest, as lessor, and the American Bank of Casper, as lessee.[1]

We affirm.

On January 17, 1986, the American Bank of Casper was closed by the State Bank Examiner. Appellant was appointed receiver of the bank. The lease in question was for space used for the bank's operation in a building owned by appellee's predecessor in interest. Appellant abandoned the leased premises by relocating its liquidation operations to another bank in Casper. The trial court held, and we agree, that appellant abandoned the unexpired

lease, thus triggering the lease provision for liquidated damages.

The lease specifically provided for that which here occurred:

"In the event that the Bank is closed or taken over by the banking authority of the State of Wyoming or other bank supervisory authority, at the option of the receiver or other legal representative of the Bank, the maximum claim of the Lessor for damages or indemnity for injury resulting from the rejection or abandonment of the unexpired lease shall in no event be in an amount exceeding the rent reserved by the lease, without acceleration, for the year next succeeding the date of the surrender of the premises to the Lessor or the date of re-entry of the Lessor whichever first occurs, whether before or after the closing of the Bank, plus an amount equal to the unpaid rent accrued, without acceleration, up to such date."

The order of the trial court was in accordance with this provision:

"[The Court] hereby declares that the Plaintiff is entitled to liquidated damages pursuant to the formula contained in the Lease and is entitled to a receiver's certificate in that amount."

There is no contention that the provision is a penalty or is for other than liquidated damages. Both parties quote the following from 2 Ralph Clark, Treatise on the Law and Practice of Receivers, § 446(d) (1959):

"If the lease contains a provision of liquidated damages in cases of insolvency and receivership it will be enforced."

Both parties cite *Ray v. Electrical Products Consolidated*, 390 P.2d 607 (Wyo. 1964), to reflect the willingness by this court to apply a liquidated damages clause in breach of lease actions.

The lease does not contain any language which would make this provision ambiguous in its meaning or applicability. We have often said that if a contract is clear on

---

1. The amended complaint contained a claim for relief in the form of liquidated damages for breach of the contract and a claim for relief for a preference to money placed in an account for back rent. The portion of the summary judgment relative to the latter claim for relief was not appealed.

its face, we must assume it reflects the intent of the parties. We must apply it as it is written and not rewrite it under the guise of interpretation. See *Arnold v. Mountain West Farm Bureau Mutual Insurance Company,* 707 P.2d 161 (Wyo. 1985) and *McCartney v. Malm,* 627 P.2d 1014 (Wyo.1981) and cases cited therein.

The trial court properly ordered enforcement of the lease as it was written.

AFFIRMED.